# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ELIZABETH ANNE WILLIAMS and )
KIM T. COOK, )
                                                )
     Plaintiffs, )
                                                )
      v. )   No. 4:05-CV-00380-FRB
                                                )
OFFICER FANBROUGH and )
SHERIFF GARY T. STOLZER, )
                                                )
     Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Elizabeth Anne Williams for leave to commence this action without payment of the required filing fee[1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff has moved for appointment of counsel [Doc. #3].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] The Court notes that, of the two plaintiffs listed in the complaint's caption, only plaintiff Williams signed the complaint and only plaintiff Williams submitted a financial affidavit. Therefore, the Court will strike plaintiff Cook from the complaint.

would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, who was previously incarcerated at St. Genevieve Detention Center, alleges malicious use of the system, wrongful accusation, defamation of character and deprivation of rights, and seeks monetary damages pursuant to 42 U.S.C. § 1983. Named as defendants in the complaint are Unknown Fanbrough, a police officer with the Ste. Genevieve Police Department, and Gary J. Stolzer, Ste. Genevieve County Sheriff.

Liberally construing plaintiff's complaint, the Court finds that the gravamen of plaintiff's complaint is that the stop and subsequent search of the vehicle in which she was riding and the search of her purse violated the Fourth Amendment's prohibition on unreasonable searches and seizures. Plaintiff alleges that defendant Fanbrough stopped the car in which she was riding because the license plates were upside down or backwards. She states that Fanbrough asked for her identification, and she gave him her driver's license. Defendant Fanbrough then ran a check on her license and discovered that she had an outstanding warrant for a probation violation.

According to plaintiff, defendant Fanbrough handcuffed her and put her into the police car. Plaintiff further states that defendant Fanbrough searched the car and her purse without her consent and without probable cause. She states that, because of medications found in her purse, she was charged with possession of a controlled substance. She was transported to the Ste. Genevieve Detention Center and placed in a booking cell. A warrant was issued for her arrest, and she was detained in Ste. Genevieve. She maintains that the warrant should not have been issued without her story regarding

the medication being checked, and that she was maliciously and wrongfully accused and deprived of her constitutional rights.

## Discussion

**Defendant Stolzer.**

Plaintiff's has alleged no facts pertaining to defendant Stolzer. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under section 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). At best, plaintiff is attempting to attach liability to this defendant based upon his supervisory position; however, she does not allege that Stolzer personally participated in or had direct responsibility for the alleged violations of her constitutional rights. *See McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993) (supervisory liability under § 1983 requires proof that the supervisor personally participated in or had direct responsibility for the alleged violations). Accordingly, plaintiff cannot maintain a § 1983 claim against Stolzer.

**Defendant Fanbrough.**

Plaintiff's claim against this defendant also is without merit. "An officer may stop a vehicle when he has probable cause to believe that a traffic violation, however minor, has occurred." *U.S. v. Searcy,* 181 F.3d 975, 978 (8th Cir. 1999) (citing *Whren v. United States,* 517 U.S. 806, 812-13, 116 S.Ct. 1769 (1996); *United States v. Thomas,* 93 F.3d 479, 485 (8th Cir.1996). Defendant Fanbrough, upon observing the upside down or backwards license plates, as described by plaintiff, had probable cause to stop the vehicle in which she was riding.

Although plaintiff was merely a passenger in the car, her rights were not violated when defendant Fanbrough questioned her and asked for her identification. *See U.S. v. Slater* 2005 WL 1522740, *2 (8th Cir. 2005) (Mere police questioning does not constitute a seizure.). Officers may generally ask questions of an individual and ask to examine that individual's identification even if they

3

have no reason for suspecting her. *Id*. Defendant Fanbrough's computer check of plaintiff revealed the outstanding warrant; accordingly, plaintiff's rights were not violated when she was arrested.

Nor were plaintiff's rights violated when defendant Fanbrough search the automobile passenger compartment. Once plaintiff was arrested, Fanbrough was authorized to conduct a search incident to the arrest. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860 (1981) (holding that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile"). Defendant Fanbrough's search was a contemporaneous incident of the arrest. Accordingly, the search of the automobile passenger compartment did not violate plaintiff's rights.

Moreover, the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. *Belton,* 453 U.S. at 460-61, 101 S.Ct. at 2864 (citations omitted); *Curd v. City of Judsonia, Ark.* 141 F.3d 839, 842 (8th Cir. 1998) (search of arrestee's purse fifteen minutes after arrest was considered valid as incident to the arrest). Therefore, plaintiff's rights were not violated when Fanbrough searched her purse, not that she had no privacy interest in it, but that the lawful custodial arrest justified the infringement of any privacy interest that she have had. *Id*.

In the purse, defendant Fanbrough found what plaintiff describes as diazepam or Valium, a controlled substance, and a cellophane packet containing pills. Upon discovering the drugs, defendant Fanbrough had probable cause to believe that the vehicle contained contraband, and he conducted a more thorough search of the car including the trunk. The Supreme Court, in *United States v. Ross*, 456 U.S. 798 (1982), held that "[p]olice officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it may conduct a warrantless search of the vehicle that is as thorough as a magistrate could authorize by warrant." 456 U.S. at 800. Thus, a thorough search of the vehicle, including the trunk, was not unreasonable within the meaning of the Fourth Amendment because the car in which plaintiff was

riding was legitimately stopped, and defendant Fanbrough had probable cause to believe that contraband was concealed somewhere within the vehicle.

Plaintiff admitted that the purse was hers and stated that she was taking the drugs to a friend. Once plaintiff had admitted ownership, Defendant Fanbrough clearly had probable cause to place her under arrest. *See, e. g., Rawlings v. Kentucky,* 448 U.S. 98, 111 (1980). Plaintiff's complaint is legally frivolous or fails to state a claim upon which relief can be granted, and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff Kim T. Cook be stricken from the instant Complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] be **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] be **DENIED**, as moot.

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal will accompany this memorandum and order.

Dated this 12th day of July, 2005.

_____
**UNITED STATES DISTRICT JUDGE**